U.S. COURTS

NOV 20 2018

Rcvd_____ Filed_____ Time 9:37
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

STEVE TANNER (propria persona)
steveatanner@gmail.com
P.O. BOX 613
BONNERS FERRY, IDAHO 83805
(208) 267-9406

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO,

| | |
|---|---|
| STEVE TANNER, | Case No: 2:18-CV-00456 DCN |
| Plaintiff, | AMENDED COMPLAINT FOR: DECLARTORY JUDGDMENT, INJUCTIVE RELIEF and REQUEST FOR DAMAGES |
| V. | |
| IDAHO DEPARTMENT OF FISH AND GAME DIRECTOR VIRGIL MOORE, LUCAS SWANSON, JOSH STANLEY, BRIAN JOHNSON; and WILLIE COWELL | DEMAND FOR JURY TRIAL FOR ALL TRIALABLE ISSUES |
| Defendants. | |

### PREAMBLE

This case was initially filed September 24, 2018 in the Idaho state court, and was removed to this Court October 17, 2018 by Defendant Willie Cowell. The case arises out of the actions of the Idaho Department of Fish and Game (hereafter IDF&G) establishing a game check station, stopping all southbound traffic close to the Plaintiff's residence. Plaintiff is seeking Declaratory Judgement and Injunctive Relief as to the IDF&G Director exceeding statutory authority to establish policy for the implementation of game check stations utilizing roadblocks. Further,

AMENDED COMPLAINT – PAGE 1

the Plaintiff is seeking these roadblocks, authorized by the IDF&G Director Moore, declared unconstitutional as to the State of Idaho Constitution and the Constitution of the United States. Plaintiff also seeks money damages for actions of the Defendants in their individual capacity for civil rights violations.

## JURISDITION AND VENUE

1. This Court has Jurisdiction over the Defendant IDF&G Director in his official capacity as to the Declaratory Judgement and Injunctive relief being sought.

2. JURISDICTION. This court has jurisdiction over this complaint because the violations arise under 28 U.S.C. Section 1331 and 42 U.S.C. 1983.

3. This Court has supplemental jurisdiction over the state law claims alleged pursuant to 28 U.S.C. 1367.

4. This court has appropriate venue for this cause of action because Defendants are located in Idaho Judicial District and all incidents, events and occurrences giving rise to this action took place in Idaho Judicial District.

## PARTIES

5. Defendant IDF&G Director Virgil Moore, is a resident of the State of Idaho. He is being sued in his official capacity for Declaratory Judgment and Injunctive Relief, and in his individual capacity for money damages.

6. Defendants Lucas Swanson, Josh Stanley, and Brian Johnson are residents of the State of Idaho, and IDF&G Officers. They are sued in their individual capacity.

7. Defendant Willie Cowell is a resident of the State of Idaho and a Bonners Ferry Police Officer. He is being sued in his individual capacity.

## **GENERAL ALLIGATIONS**

8. On November 18, 2017, the Defendants Lucas Swanson, Josh Stanley and Brian Johnson operated a game check station, stopping all southbound traffic on Meadow Creek Road, Boundary County, Idaho. (hereafter referred to as "game check roadblock")

9. The location of the game check roadblock on Meadow Creek Road is approximately 2 ½ miles north of U.S. Highway #2, which is Meadow Creek Road's southernmost point.

10. That the events herein described, in the general allegations, transpired on November 18, 2017, unless otherwise noted.

11. The location of the game check roadblock on Meadow Creek Road is approximately 2 miles from the Plaintiff's residence.

12. Sunset, on November 18, 2017 on Meadow Creek Road, was at or about 4:01 P.M. Pacific Standard Time.

13. At about 4:20 P.M., Plaintiff was driving south on Meadow Creek Road and proceeded around the IDF&G game check roadblock area without stopping.

14. Defendants Swanson and Stanley pursued Plaintiff in their patrol vehicle.

15. Defendants Swanson, Stanley and Johnson had no judicial warrant to operate this game check roadblock.

16. Defendants Swanson, Stanley and Johnson had no express legislative authority to establish this game check roadblock.

17. Defendants Swanson, Stanley and Johnson had no individualized suspicion of criminal wrongdoing of the Plaintiff prior to attempting to stop him at the game check roadblock.

18. Defendants Swanson and Stanley pursued Plaintiff in their patrol vehicle without their headlights on.

19. Defendants Swanson and Stanley, in their patrol vehicle, pulled up behind Plaintiff about ¼ mile from his residence.

20. Plaintiff continued driving cautiously, with the IDF&G vehicle following, to the first well-lighted public place, (local gas station) before stopping.

21. Defendant Stanley exited the patrol vehicle and stood ready with a round chambered in an AR-15 style rifle.

22. Defendant Stanley instructed Swanson to arrest Plaintiff.

23. Defendant Swanson arrested Plaintiff at about 4:30 P.M. and informed Plaintiff he was being arrested, "for failing to yield at a check station and stop."

24. Idaho Code 36-1201 requires all fisherman, hunters and trappers to stop at game check stations.

25. Plaintiff is not, and has not been at any of the times covered by this Complaint, a fisherman, hunter, or trapper.

26. Defendant Swanson turned over the Plaintiff to Defendant Cowell of the Bonners Ferry Police Department.

27. Neither Defendant Swanson nor Stanley informed the Plaintiff of his rights.

28. Defendant Cowell "frisked" Plaintiff and put him in the back seat of his patrol vehicle and belted him in.

29. Defendant Cowell, after holding him for several minutes, released Plaintiff from the vehicle.

30. Plaintiff was in severe pain due to the handcuffs and the position in which he was belted into the patrol vehicle.

31. Defendant Cowell did not inform the Plaintiff of his rights.

32. Defendant Cowell uncuffed Plaintiff and proceeded to question Plaintiff as to; "Do you understand why you were stopped?" "Why they pulled you over?" "Why they were behind you with lights and sirens on?"

33. Plaintiff informed Defendant Cowell that he was exercising his right to remain silent.

34. Defendant Cowell, altered his line of interrogation and continued to question Plaintiff.

35. Defendant Cowell arrested Plaintiff for drunk driving and obstructing & delaying an officer in the line of duty.

36. Defendant Cowell handcuffed Plaintiff and put him back into the Patrol vehicle.

37. Defendant Cowell released Plaintiff at about 5:13 P.M. to the Defendant Swanson.

38. At about 5:22 P.M. Defendant Swanson issued citations to Plaintiff for I.C. 36-1201 (b), and I.C. 49-1404, and then released Plaintiff.

39. Charges were subsequently brought against the Plaintiff in Idaho First Judicial District, Magistrate Division, CR-2017-0001192.

40. The First Judicial District Magistrate Court dismissed the charges on Jan 11, 2018. No probable cause was found for Idaho Code 36-1201 (b) and the subsequent charge I.C. 49-1404 was dismissed.

41. Defendant Moore has the duty under Idaho Code 67-2405, that requires him to establish policy to be followed by the IDF&G and its employees.

42. Defendant Moore has established IDF&G Policy NO: E-7.0 that authorizes roadblocks, Section H. "MAJOR CHECK STATIONS-ALL traffic stop", and Section "J. SECONDARY CHECK STATIONS- ALL traffic stop."

43. Defendant Johnson and other unknown or unnamed officers have operated game check roadblocks in a similar manner on Meadow Creek Road since at least November 20th of 2010.

44. Since at least November 20th of 2010, Defendant IDF&G has conducted periodic game check stations that utilize roadblocks, throughout the State of Idaho.

45. Defendant Johnson was operating a game check roadblock, on Meadow Creek Road, stopping all southbound traffic on November 20th, 2010, and stopped Plaintiff who was traveling south.

46. Defendant Johnson was operating a Game Check Roadblock on Meadow Creek Road, on November 8, 2014 and encountered Plaintiff who was traveling south.

47. Upon information and belief, Defendants Swanson, Stanley, Johnson and other unnamed Officers will again establish game check stations stopping all traffic in one or both directions on Meadow Creek Road, and throughout the State of Idaho.

48. Defendants Swanson, Stanley and Johnson were operating this game check roadblock without a sign being placed on the centerline of the roadway displaying the word "STOP" in letters of sufficient size and illumination to be readable at a distance of not less than 50 yards.

49. Defendants Swanson, Stanley and Johnson operated this game check roadblock without a continuous flashing blue light on and burning, placed at the side of the roadway.

50. Defendants Swanson, Stanley and Johnson operated this game check roadblock without warning signs at the side of the roadway, containing wording of sufficient size and illumination, to warn oncoming traffic that a "police stop" is ahead.

51. Defendants Swanson, Stanley and Johnson operated this game check roadblock without wearing High-Visibility safety apparel.

52. Defendants Swanson, Stanley, Brian Johnson operated this game check roadblock on a sharply curved section of Meadow Creek Road.

53. Defendants Swanson, Stanley, and Johnson, operated this game check roadblock at night without lighting to illuminate the area.

## **FIRST CAUSE OF ACTION**

(4th and 1st Amendment Violations Against Defendants Swanson, Stanley and Johnson)

54. Wherefore, the Plaintiff realleges, and restates the forgoing jurisdictional allegations and general factual allegations:

55. That on November 18, 2017, under the color of law, the Defendants Swanson, Stanley and Johnson established a game check station, stopping all southbound traffic, on Meadow Creek Road, Boundary County, Idaho.

56. Defendants Swanson and Stanley arrested Plaintiff without probable cause.

57. Defendant Swanson, Stanley and Johnson, recognized Plaintiff's vehicle and knew the Plaintiff was not be a hunter, fisherman or trapper,

58. Plaintiff was targeted by the Defendants because Plaintiff had exercised his rights to redress government through free speech, though his state representatives, through the legislative process, and through written complaints and claims to the IDF&G. This violated the Plaintiff's 1st Amendment Rights.

59. Plaintiff's rights to be secure in his person against unreasonable search and seizure, as guaranteed by Article 1 Section 17 of the Idaho Constitution and the 4th Amendment to the U. S. Constitution were violated by the Defendants.

60. Plaintiff suffered severe pain to his wrists and shoulders, false arrest, and further loss of his civil rights, which include plaintiff's right to: liberty, property, freedom, freedom of travel, safety, personal privacy.

61. Defendants Swanson, Stanley and Johnson, under the color of law, operated the roadblocks on a sharp corner of Meadow Creak Road in an unsafe and dangerous way that violated the state and federal laws as to proper signage, and signage placement, and without a continuous flashing blue light at the roadblock as required by Idaho Code19-622 (2)-(4). In addition, these Defendants operated the roadblocks without proper illumination of the area at night and without wearing high visibility safety apparel as required by the Federal Transportation Manual on Uniform Traffic Control Devices. (as required by MUTCD section 6G.19 paragraph 10 and 6D.03 paragraph 06 and 6E.02 paragraph 03.)

62. These actions of the Defendants, as to the way the roadblock was conducted, violated the Plaintiff's 4th Amendment right to be secure in his person and affects.

63. Wherefore, pursuant to 42 U.S.C. 1983, Plaintiff demands judgment for money damages against Defendants Swanson, Stanley, and Johnson, together with such other relief, as this honorable court deems reasonable and just under the circumstances.

## SECOND CAUSE OF ACTION

(Illegal Seizures Due to Unconstitutional Policies Created by Defendant Moore.)

64. Wherefore, the Plaintiff realleges and restates the forgoing jurisdictional allegations and general factual allegations:

65. Defendant Moore, under the color of law, has established IDF&G Policy No: E-7.0 Section H. and J. that allows for the use of roadblocks for game check stations, without legislative authority, which violates Article 1 Section 17 of the State of Idaho Constitution.

66. Defendant Moore, under the color of law, has established IDF&G policy that allows for the operation of roadblocks for game check station purposes, which violates the 4th Amendment to the U.S. Constitution.

67. Defendant Moore failed in his duty to establish constitutional policy.

68. Due to Moore's direct action, under the color of law to established unconstitutional policy that authorizes and establishes unlawful roadblocks, Plaintiff was injured.

69. Plaintiff's rights to be secure in his person against unreasonable search and seizure, as guaranteed by Article 1 Section 17 of the Idaho Constitution and the 4th Amendment to the U. S. Constitution, were violated by the Defendant's direct action.

70. Plaintiff suffered subjection to unlawful and dangerous roadblock, false arrest and loss of his civil rights which include plaintiff's right to liberty, property, freedom, freedom of travel, personal privacy.

71. Wherefore, pursuant to 42 U.S.C. 1983, Plaintiff demands judgment for money damages against Defendant Moore, together with such other relief as this honorable court deems reasonable and just under the circumstances.

## **THIRD CAUSE OF ACTION**

(Unlawful Seizure and Punishing the Plaintiff for Remaining Silent, Against Defendant Cowell)

72. Wherefore, the Plaintiff realleges and restates the forgoing jurisdictional allegations and general factual allegations:

73. November 17, 2017, under the color of law, Defendant Cowell, a BFPD Officer, "frisked" Plaintiff and placed him in the patrol vehicle and belted him in, causing pain and suffering.

74. Subsequently, after Plaintiff clearly exercised his right to remain silent, Defendant Cowell, under the color of law, altered his line of questioning Plaintiff, and then arrested him for Drunk Driving and Obstructing and Delaying an Officer in the line of duty, thus punishing Plaintiff for exercising his right to remain silent.

75. Plaintiff's rights to be secure in his person against unreasonable search and seizure, were violated as well as his liberty, personal privacy, and property, without probable cause as guaranteed by 4th Amendment to the U. S. Constitution.

76. Plaintiff further suffered false arrest by the Defendant Cowell and was deprived of his rights to liberty, freedom, personal privacy, freedom of speech and the right to remain silent in violation of the 4th, and 5th Amendments to the U.S. Constitution.

77. Wherefore, pursuant to 42 U.S.C. 1983, Plaintiff demands judgment for money damages against Defendant Cowell, together with such other relief as this honorable court deems reasonable and just under the circumstances.

### FORTH CAUSE OF ACTION

DECLARATORY JUDGEMENT AND INJUCTIVE RELIEF

78. Wherefore, the Plaintiff realleges and restates the forgoing jurisdictional allegations and general factual allegations:

79. That there is a real and present practical need to adjudicate the issue of the lawfulness of check station roadblocks that have been, and are very likely to be conducted in close proximity the Plaintiffs residence; without which Plaintiff is in danger of irreparable harm.

80. The relief sought is paramount to clarifying the rights of the Plaintiff, as well as the traveling public that are not fishing, hunting or trapping, in the relationship to the Defendant's actions to establish roadblock for game check stations on Meadow Creek road and in the State of Idaho.

81. There is no harm to the Defendants to enjoin them from operating roadblocks utilized for game check stations.

82. Idaho law requires the Defendants to operate within the clearly defined law for Game Check Stations, I.C. 36-1201 which requires all fisherman, hunters and trappers to stop at game check stations, not the public at large.

83. The threatened harm to the Plaintiff and the non-hunting traveling public outweighs any possible harm to the Defendants.

84. There is no harm to Defendants from enjoining them form operating game check roadblocks because they can continue to operate lawful check stations by stopping only fisherman, hunters and trappers as provided in IDF&G Policy NO: E-7.0, sections G and I.

85. The granting of an injunction will not contravene any public interest.

86. Money damages are not enough to restore the Plaintiff if he is subjected to these unlawful actions of the Defendants.

87. The public interest will be served by an injunction by stopping the current abridgment the rights of the Plaintiff as well as the rights of the traveling public not fishing, hunting or trapping.

88. If an injunction is not issued, the Plaintiff's rights to freely travel, and his right to be free from unreasonable search and seizure as listed in Article 1 Section 17 of the State of Idaho Constitution, and the 4th amendment to the U.S. Constitution are extremely likely to be violated.

89. The ultimate facts alleged in this petition, presented by the Plaintiff, demonstrates through evidence and law, that the Plaintiff is entitled to this Injunction as a matter of law.

90. Therefore, Plaintiff moves this Honorable Court to grant an injunction to stop the Defendants from establishing and operating roadblocks for the purposes of game check stations.

## **REQUEST FOR RELIEF**

DECLARTORY JUDGEMENT AND INJUCTIVE RELIEF

91. That the actions of Defendant, IDF&G Director Virgil Moore, to establish and operate roadblocks for game check stations, without express legislative authority constitutes unreasonable search and seizure violating Article 1 Section 17 of the State of Idaho Constitution, and are herby enjoined.

92. That the IDF&G Policy NO: E-7.0 that authorizes roadblocks, Section "H. MAJOR CHECK STATIONS-ALL traffic stop", and Section "J. SECONDARY CHECK STATIONS- ALL traffic stop", be declared to be Unconstitutional in violation of Article 1 section 17 of the State of Idaho Constitution.

AMENDED COMPLAINT – PAGE 13

93. That the actions of the Defendant, IDF&G Director Moore, to establish and operate roadblocks for game check stations, be declared to be Unconstitutional, violating the 4th Amendment to the U.S. Constitution; unreasonable searches and seizures, and further enjoin Defendants from operating such roadblocks in the State of Idaho.

94. DEMAND FOR JURY TRIAL

95. GENERAL DAMAGES for violations of the rights of the plaintiff pursuant to 42 U.S.C. 1983 in the amount of 30,000 dollars.

96. PUNITIVE DAMAGES in the amount of 100,000 dollars.

97. FOR COSTS OF SUIT, including but not limited to, filling fees, attorney fees, printing costs, time and costs spent on pro se litigation etc.

98. TOGETHER with such other relief as this Honorable Court deems reasonable and just under the circumstances.

Dated this _19_ day of November, 2018 A.D.

Under the penalties of perjury, I affirm that the fact in the forging are correct to the best of my knowledge.

_____
Steve Tanner, Plaintiff

State of Idaho, County of Boundary On this _19_ day of November, in the year of 2018, before me, _Stacie Watts_ a notary public, personally appeared _Steve Tanner_, proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument, and acknowledged to me that he executed the same. My Commission Expires on _1-23-2023_.
Residing in Bonner Ferry

AMENDED COMPLAINT – PAGE 14