UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEVE TANNER<br><br>Petitioner,<br><br>v.<br><br>IDAHO DEPARTMENT OF FISH AND GAME DIRECTOR ED SCHRIEVER, VIRGIL MOORE, LUCAS SWANSON, JOSH STANLEY, BRIAN JOHNSON; and WILLIE COWELL<br><br>Respondent. | Case No. 2:18-cv-00456-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Idaho Department of Fish and Game Director Virgil Moore, Lucas Swanson, Josh Stanley, and Brian Johnson's ("IFG") Motion for Protective Order. Dkt. 51. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented.[1] Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not

---

[1] The Court issues this order without a response from Tanner. Based on the facts presented herein, there is no argument that Tanner can make that would alter the Court's decision.

MEMORANDUM DECISION AND ORDER – 1

be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

## II. BACKGROUND

In September of 2019, Plaintiff Steve Tanner began unilaterally setting and vacating depositions.[2] The notice provided for the depositions was short—11 days. Bentley Stromberg, counsel for IFG, happened to be available for the depositions and did not object. However, Tanner vacated the depositions 5 days before they were set to take place.

On October 1, 2019, Tanner again set depositions on short notice—10 days and 13 days—and again did so unilaterally. This time, Stromberg was unavailable for those dates. Stromberg emailed Tanner and the two began discussing alternative dates for depositions when Stromberg would be available. It appeared that the two were working things out when suddenly, late in the evening on October 8, 2019, Tanner informed Stromberg that the depositions were going to go forward, despite previous discussions and Stromberg's unavailability.

Stromberg promptly filed this Motion for a Protective Order, seeking to vacate the currently scheduled depositions.

## III. LEGAL STANDARD

"[P]re-trial discovery is ordinarily 'accorded a broad and liberal treatment,'" because "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth." *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir.

---

[2] All facts are taken from IFG's motion as it is the only briefing before the Court.

MEMORANDUM DECISION AND ORDER – 2

1993) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). "Under Rule 26, however, '[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting Fed. R. Civ. P. 26(c)(1)). A court has broad discretion in deciding whether or not to grant a protective order. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

## IV. ANALYSIS

The Court is required "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. In the District of Idaho, parties must work together when it comes to setting depositions. The Court does not approve of parties stooping to "hard ball" tactics like unilaterally setting depositions. While Tanner certainly might be doing his best to pursue his claims *pro se*, this does not mean he is immune from playing fair.

The Court requires the parties to work together and set depositions for mutually agreeable times. If the parties cannot mutually agree, either party may motion the Court for assistance. Depending on the facts and circumstances surrounding such a motion, the Court may impose sanctions on the disruptive party.

## V. ORDER

IT IS HEREBY ORDERED THAT:

1. IFG's Motion for a Protective Order (Dkt. 51) is GRANTED. The depositions currently for October 11, 2019, and October 14, 2019 are

vacated. Tanner and Stromberg will work together to schedule any depositions. Failure to do so may result in sanctions.

DATED: October 10, 2019

David C. Nye
Chief U.S. District Court Judge