UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| STEVE TANNER,<br><br>    Plaintiff,<br><br>v.<br><br>IDAHO DEPARTMENT OF FISH AND GAME DIRECTOR ED SCHRIEVER, VIRGIL MOORE, LUCAS SWANSON, JOSH STANLEY, BRIAN JOHNSON; and WILLIE COWELL,<br><br>    Defendants. | Case No. 2:18-cv-00456-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |
|---|---|

## I. INTRODUCTION

This matter comes before the Court on Plaintiff Steve Tanner's Motion to Reconsider (Dkt. 62), Motion to Amend Complaint (Dkt. 64), and Motion to Stay Proceedings Pending Appeal (Dkt. 71). Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Based on the following, the Court finds good cause to DENY Tanner's Motion to Reconsider, GRANT Tanner's Motion to Amend Complaint, and DISMISS AS MOOT Tanner's Motion to Stay Proceedings

Pending Appeal.

## II. BACKGROUND

Tanner filed his Complaint on September 24, 2018, in Idaho state court. Tanner alleges that the Idaho Department of Fish and Game ("IFG") violated his Constitutional rights when its officers pulled him over and cited him after he failed to stop at a wildlife check station. Defendants removed the case to federal court on October 17, 2018. Shortly thereafter, on November 20, 2018, Tanner filed his First Amended Complaint. Dkt. 4. Just over one year later, on November 29, 2019, Tanner filed his Motion to Amend Complaint (Dkt. 65) and, on the same day, filed his Second Amended Complaint (Dkt. 66).

On April 29, 2019, Tanner filed his Motion for a Preliminary Injunction. Dkt. 30. Tanner requested that the Court enjoin IFG from utilizing its wildlife check stations for the duration of this lawsuit. After the matter was fully briefed, on October 3, 2019, the Court denied Tanner's Motion for a Preliminary Injunction (the "PI Order"). Dkt. 50. Tanner timely filed an appeal of the PI Order on October 29, 2019. Dkt. 61. Further, on December 26, 2019—one day before dispositive motions in this case were due—Tanner filed his Motion to Stay Proceedings Pending Appeal, asking the Court to stay this case until the Ninth Circuit reviewed his appeal of the PI Order. Dkt. 71.

Tanner also filed a motion to compel on July 25, 2019. Dkt. 42. Through this motion, Tanner sought volumes of information from IFG dating back over five decades and an order allowing his ESI specialist to access IFG's computers and databases and conduct a forensic analysis of its files. The Court entered an order on October 29, 2019, largely

denying Tanner's Motion to Compel ("Discovery Order"). Dkt. 60. Tanner thereafter filed a motion to reconsider, alleging that IFG misrepresented information in its briefing on the motion to compel. Dkt. 62.

These three motions have been fully briefed and are ripe for review.

## III. DISCUSSION

### A. Motion to Stay Proceedings Pending Appeal

Here, Tanner requests a stay pending the appeal of the PI Order, believing that a ruling from the appellate court will provide guidance to the Court and the parties regarding the merits of his claims. However, on February 4, 2020, before the Court ruled on this motion, the Ninth Circuit affirmed the Court's PI Order. Dkt. 80. In light of the Ninth Circuit's decision, Tanner's Motion to Stay Proceedings Pending Appeal is DISMISSED AS MOOT.

As such, the Court will reset the briefing schedule for Defendants' motions for summary judgment.[1] Tanner will have twenty-one days from the date of this order to file his responses to Defendants' motions for summary judgment. After Tanner files his responses, Defendants will have fourteen days to file their respective replies.

However, as the deadline for dispositive motions has passed, Tanner may not file his own motion for summary judgment.[2]

---

[1] On January 2, 2020, the Court vacated the briefing schedule for Defendants' motions for summary judgment pending its decision on this motion.

[2] Tanner filed his appeal of the PI Order on October 9, 2019. Tanner then waited until December 26, 2019—the day before the dispositive motion deadline—to file his Motion to Stay. As the delay from the time

The Court now turns to Tanner's Motion to Amend Complaint.

## B. Motion to Amend Complaint

Federal Rule of Civil Procedure 15(a) provides that, once a responsive pleading has been served, a party may amend its pleading "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, when—as in this case—a party files a motion to amend after the Court's case management deadline to amend has passed, district courts in the Ninth Circuit apply Federal Rule of Civil Procedure 16(b), followed by a Rule15(a) analysis. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Under Rule 16(b), the movant must demonstrate good cause to amend. *Id.* at 609.

Here, Tanner lists four reasons for seeking an amendment: (1) Ed Schriever has replaced Virgil Moore as the Director of the IFG, and thus Ed Schriever must be added in his official capacity; (2) Tanner failed to identify himself under the "PARTIES" section of the Amended Complaint; (3) paragraph 73 incorrectly lists the date November 17, 2017, when Tanner meant November 18, 2018; and (4) the Amended Complaint contains spelling and punctuation errors that Tanner wishes to fix. Dkt. 65-1, at 2–3.

As these reasons for amendment are largely clerical in nature and do not bear on the substance of the case, and as Defendants do not oppose amendment (Dkts. 69, 70), the

---

Tanner filed the appeal to the time he filed his Motion to Stay was over two months, the Court does not believe there is good cause to extend the dispositive motion deadline.

MEMORANDUM DECISION AND ORDER - 4

Court finds good cause to GRANT Tanner's Motion to Amend Complaint.[3]

C. Motion for Reconsideration

Here, some additional background is helpful. During discovery, Tanner believed IFG was either failing to perform adequate searches of its electronic databases and/or withholding documents from him. As part of his Motion to Compel, Tanner requested an order from the Court allowing an ESI forensic expert to perform a deep dive into IFG's databases. In its Discovery Order, the Court found that such a deep dive for discovery is both atypical and unnecessary in most cases and would certainly be disproportionate to the needs of this case. *See* Discovery Order, Dkt. 60, at 6, 9.

The day before the Court issued its Discovery Order, Tanner filed the declaration of Wayne S. Josleyn, an ESI forensic expert. Dkt. 59. Tanner argued that Josleyn's declaration identifies fraudulent statements made in IFG's briefing on Tanner's Motion to Compel. The Court reviewed Josleyn's declaration and IFG's briefing before issuing its decision, but found nothing in Josleyn's declaration that caused the Court concern. Tanner then filed his Motion for Reconsideration under Federal Rule of Civil Procedure 60(b) because he "conclude[d] that the Court probably did not have time to fully consider [Josleyn's declaration]." Dkt. 62, at 2.

Rule 60(b) provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void

---

[3] Tanner filed his Second Amended Complaint the same day he filed his Motion to Amend Complaint—November 29, 2019. Tanner is advised that, should he seek to amend again, he must typically wait until the opposing party stipulates or the Court grants permission to file an amended complaint. Fed. R. Civ. P. 15(a)(2).

judgment; (5) a satisfied or discharged judgment; (6) extraordinary circumstances which would justify relief. Fed. R. Civ. P. 60(b). These rules offer an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). The granting or denial of a motion for reconsideration is a matter within the district court's discretion. *Id.* at 883.

Here, Tanner argues that IFG fraudulently represented to the Court, via the declaration of Owen H. Moroney (Dkt. 49-1), the price and possibility of conducting the ESI search of its computers and databases that Tanner requested in his Motion to Compel. For support, Tanner relies on Josleyn's declaration. According to Tanner, Josleyn identifies "inaccurate information provided by Mr. Moroney" which is "critical to making a decision on the ESI discovery that should be provided . . . ." Dkt. 62, at 3.

However, upon re-examination of Joselyn's declaration—as the Court did examine it before it issued the Discovery Order—the Court cannot identify any inaccurate information from Moroney's declaration that is critical to the Court's decision regarding ESI discovery in this case. Outside of explaining the basic functions of email servers, Josleyn's declaration echoes Tanner's position that the searches IFG conducted during discovery were not "proper or forensically sound" searches because the individuals who conducted the searches did not have the "appropriate software, training, and certifications designated to conduct a forensic analysis." Dkt. 59, at 5. In other words, Josleyn believes that a proper and full ESI forensic search is needed to discover relevant information, whereas Moroney states that such a search is disproportionate to the needs of this case.

Moroney's declaration, which simply presents a difference of opinion on the scope of discovery, does not constitute fraud. Joselyn does not identify anything false or misleading in Moroney's declaration but simply states that IFG can conduct a full ESI search and would potentially discovery relevant information. That Tanner found an ESI expert who shares his opinion of ESI discovery in this case does not mean that IFG committed fraud. Having two different experts with two different opinions is common in litigation and does not warrant reconsideration of a decision. As Tanner has not convinced the Court that he is entitled to the extraordinary remedy provided by Rule 60(b), his Motion for Reconsideration is DENIED.

## IV. CONCLUSION

Because the Ninth Circuit has made its decision on Tanner's appeal of the Court's PI Order, there is no longer a need to stay this case. Next, as Tanner seeks to amend his First Amended Complaint for clerical reasons, the Court finds good cause to allow him to submit a Second Amended Complaint. Lastly, Tanner has not provided sufficient evidence to warrant relief under Rule 60(b) from the Court's Discovery Order.

## V. ORDER

**IT IS HEREBY ORDERED THAT**:

1. Tanner's Motion to Reconsider (Dkt. 62) is DENIED.
2. Tanner's Motion to Amend Complaint (Dkt. 65) is GRANTED. Tanner's Second Amended Complaint (Dkt. 66) is accepted as the operative Complaint in this case.

3. Tanner's Motion to Stay Proceedings Pending Appeal (Dkt. 71) is DISMISSED AS MOOT.

4. Tanner will have twenty-one days from the date of this order to file his responses to Defendants' motions for summary judgment. After Tanner files his responses, Defendants will have fourteen days to file their respective replies.

DATED: February 14, 2020

David C. Nye
Chief U.S. District Court Judge