UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEVE TANNER,<br><br>          Plaintiff,<br><br>     v.<br><br>IDAHO DEPARTMENT OF FISH AND GAME DIRECTOR ED SCHRIEVER, VIRGIL MOORE, LUCAS SWANSON, JOSH STANLEY, BRIAN JOHNSON; and WILLIE COWELL,<br><br>          Defendants. | Case No. 2:18-cv-00456-DCN<br><br>**AMENDED MEMORANDUM DECISION AND ORDER:**<br><br>**TANNER PLAINTIFF'S AMENDED REQUEST FOR LEAVE TO FILE MOTION FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF (DKT. 93)** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Steve Tanner's Amended Request for Leave to File a Motion for Declaratory Judgment and Injunctive Relief. Dkt. 93. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons outlined below, the Court finds good cause to DENY Tanner's request.

## II. BACKGROUND

Tanner filed his Complaint on September 24, 2018, in Idaho state court against Defendants Idaho Department of Fish and Game Director Ed Schriever, Virgil Moore, Lucas Swanson, Josh Stanley, Brian Johnson, and Willie Cowell, alleging the Idaho

**AMENDED** MEMORANDUM DECISION AND ORDER - 1

Department of Fish and Game ("IFG") violated his Constitutional rights when its officers pulled him over and cited him after he failed to stop at a wildlife check station. Defendant Cowell removed the case to federal court on October 17, 2018. Dkt. 1. On June 24, 2019, this Court issued a Scheduling Order, stating the deadline to file all dispositive motions was December 27, 2019, and "absent good cause, [the deadline] will not be extended even if you are having discovery disputes. Late filed discovery disputes may not be considered good cause." Dkt. 40, at 1.

Tanner filed a Motion for Declaratory Judgment and Injunctive Relief in this matter on January 24, 2019. Dkt. 16. The Court denied that motion without prejudice because the case was "still in its infancy" and the record needed to be further developed before the Court would decide whether a declaratory judgment was proper. Dkt. 27, at 2. Tanner then moved for a preliminary injunction to enjoin IFG from utilizing its wildlife check stations for the duration of this lawsuit (Dkt. 30), but the Court denied that motion as well (Dkt. 50). Tanner timely filed an appeal of that order on October 9, 2019. Dkt. 53.

On December 26, 2019—one day before dispositive motions in this case were due—Tanner filed a Motion to Stay Proceedings Pending Appeal, asking the Court to stay this case until the Ninth Circuit reviewed his appeal of the preliminary injunction order. Dkt. 71. On the deadline set by the Court to file all dispositive motions, Defendant Cowell filed a motion for summary judgment (Dkt. 72), and Defendants Schriever, Moore, Swanson, Stanley, and Johnson ("IFG Defendants") filed a joint motion for summary judgment (Dkt. 73). Tanner did not file cross motions for summary judgment, nor any other dispositive motion on or before December 27, 2019.

**AMENDED** MEMORANDUM DECISION AND ORDER - 2

Before the Court could rule on Tanner's Motion to Stay Proceedings, the Ninth Circuit denied Tanner's interlocutory appeal, *Tanner v. Cowell*, 792 Fed. App'x 545, 545–46 (9th Cir. 2020), thus the Court held Tanner's Motion to Stay moot, (Dkt 81). The Court ordered that summary judgment briefings resume and that "Tanner may not file his own motion for summary judgment" because "the deadline for dispositive motions has passed." Dkt. 81, at 3.

On March 11, 2020, Tanner filed his opposition to both Cowell's and IFG Defendants' motions for summary judgment (Dkt. 85); IFG Defendants filed their reply on March 24, 2020 (Dkt. 88), as did Cowell (Dkt. 89). A hearing for Defendants' two Motions for Summary Judgment is scheduled for July 15, 2020. Dkt. 91.

On April 13, 2020, Tanner filed his Amended Request for Leave to File a Motion for Declaratory Judgment and Injunctive Relief. Dkt. 93. IFG Defendants responded to Tanner's request on April 30, 2020, (Dkt. 94), and Tanner replied to IFG Defendants' response on May 18, 2020, (Dkt. 97).

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 16(b)(3)(A), a court is required to enter a scheduling order limiting the time to file and hear motions. Unless modified by the court, the order controls the subsequent course of the action. Fed. R. Civ. P. 16(d).

Once the deadline for filing motions "set in the scheduling order has passed, the party's request to amend is judged under FRCP 16's 'good cause' standard rather than the 'liberal amendment policy' of FRCP 15(a)." *DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017), *cert. denied*, 138 S. Ct. 1559 (2018)

(citing *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013)). "Rule 16 was designed to facilitate more efficient disposition of cases by settlement or by trial. If disregarded it would 'undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.'" *Walker v. City of Pocatello*, No. 4:15-CV-00498-BLW, 2017 WL 1650014 at *1 (D. Idaho May 1, 2017) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

The "central inquiry" of whether good cause exists "is whether the requesting party was diligent in seeking the amendment." *DRK Photo*, 870 F.3d at 989; *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "[T]he existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion," but a court should focus its inquiry "upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609. If the moving party was not diligent, "the inquiry should end." *Id*. On the other hand, if the party seeking amendment establishes "good cause" under Rule 16, the party then must demonstrate that amendment is proper under Rule 15. *Id*. at 608.

## IV. DISCUSSION

In his Amended Request for Leave to File a Motion for Declaratory Judgment and Injunctive Relief ("Request"), Tanner asserts that because the case is more fully developed, declaratory judgment and injunctive relief are now proper. Dkt. 93. Tanner also explains that he did not file for summary judgment because "many material facts remain in dispute, and the [Federal Rules of Civil Procedure] do not allow for summary Judgment with any

**AMENDED** MEMORANDUM DECISION AND ORDER - 4

material fact in dispute." Dkt. 93, at 2.

In response, IFG Defendants ask the Court to deny Tanner's Request for Leave on the ground that Tanner's requested motion "clearly seeks partial summary judgment," which the Court specifically prohibited because the deadline for doing so had passed. Dkt. 94, at 3. IFG Defendants also assert that Tanner's claims for injunctive relief are "meritless" because "wildlife check stations do not violate either state or federal law." Dkt. 94, at 4. Finally, IFG Defendants claim that granting Tanner's motion will prejudice their case by allowing Tanner a "second opportunity to raise arguments concerning the merits of his declaratory relief claims." Dkt. 94, at 4.

Tanner, in his reply to IFG Defendants' response, denies any attempt to mislabel a motion for summary judgment and reiterates his desire "to have the issues in this case properly adjudicated by the Court when it is appropriate to do so." Dkt. 97, at 3.

On its face, Tanner's Request is for leave to file a dispositive motion.[1] A declaratory judgment issued by a court "shall have the effect of a final judgment or decree and shall be reviewable as such," 28 U.S.C. § 2201, thus a motion for declaratory judgment is a dispositive motion. The Court issued a Scheduling Order on June 24, 2019, setting the deadline to file all dispositive motions to December 27, 2019 (Dkt 40); Tanner filed his Request on April 13, 2020. Dkt. 93. Consequently, Tanner's Request is untimely, and the Court will evaluate Tanner's Request under Federal Rule of Civil Procedure 16(b)(4)'s

---

[1] The Court need not address IFG Defendants' claims that Tanner's Request is a mis-labeled request for leave to file a motion for summary judgment because the type of dispositive motion Tanner seeks to file after the deadline to do so is irrelevant here. The Court's analysis under Rule 16's "good cause" standard—whether Tanner has been diligent in seeking the amendment—would be the same for either type of motion.

**AMENDED** MEMORANDUM DECISION AND ORDER - 5

"good cause" standard.² *See DRK Photo*, 870 F.3d at 988–89 (citation omitted). If the Court finds "good cause" in seeking leave to file the motion for declaratory judgment, it will then evaluate whether amendment is proper under Rule 15. *See Johnson*, 975 F.2d at 608.

After careful review of the parties' briefs regarding Tanner's Request, the Court finds that Tanner was not diligent in seeking amendment to the Scheduling Order,³ and thus has not met his burden to show good cause exists to modify the Scheduling Order. In his Request, Tanner simply states that "the case is more fully developed" and that "Declaratory Judgement [sic] and Injunctive relief is paramount to the rights and duties of the parties in this case." Dkt. 93, at 2. Although the Court denied without prejudice Tanner's initial Motion for Declaratory Judgment (Dkt. 16) on the grounds that the record needed to be further developed, (Dkt. 27), Tanner does not explain in his Request why the

---

² The Scheduling Order also mandated that parties show "good cause" when requesting modification of it. Dkt. 40, at 1.

³ Although Tanner has not specifically sought leave to amend the Scheduling Order, and the IFG Defendants do not challenge Tanner's Request on this ground, this Court finds that treating Tanner's Request as an implicit motion to amend the Scheduling Order is in line with the Ninth Circuit and the purpose of the Federal Rules of Civil Procedure. According to the United States Supreme Court, "[t]he Federal Rules of Civil Procedure reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Forman v. Davis*, 371 U.S. 178, 181–82 (1962) (citation omitted). While the Ninth Circuit has suggested a party seeking to file a motion after a scheduling order deadline has expired should first seek leave to amend the scheduling order, *see Johnson*, 975 F.2d at 608–09 (citing *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985), it has also held that "all the Federal Rules of Civil Procedure[] [are] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (internal quotation marks and citation omitted). To reconcile, the Court has held that "treating a motion to amend a pleading filed after the cut-off date for amendments as an implicit motion to amend the scheduling order is more in line with the purpose of the Federal Rules of Civil Procedure." *Mays v. Stobie*, No. 3:08-cv-552-EJL-CWD, 2010 WL 5110083, at *4 (D. Idaho Dec. 7, 2010); *see also Pinnacle Great Plains Operating Co. v. Wynn Dewsnup Revocable Tr.*, No. 4:13-cv-00106-EJL-CWD, 2015 WL 759003, at *2 n.1 (D. Idaho Feb. 23, 2015) (noting that because both parties briefed whether a motion to amend the complaint met Rule 16's "good cause" standard, the motion will be treated as a *de facto* motion to amend the scheduling order as well as request for leave to amend the complaint). In either case, "good cause" must be shown to extend the cut-off date for filing dispositive motions.

**AMENDED** MEMORANDUM DECISION AND ORDER - 6

case was not sufficiently developed by the deadline to file dispositive motions. Instead, he waited 102 days after the cutoff for dispositive motions to request leave to file a second motion for declaratory judgment. The Court finds no evidence in this Request suggesting Tanner was diligent in seeking this amendment to the Scheduling Order, and Tanner offers no explanation for such an untimely request. Therefore, the Court denies Tanner's Request.[4]

## V. ORDER

IT IS HEREBY ORDERED that Plaintiff Tanner's Amended Request for Leave to File a Motion for Declaratory Judgment and Injunctive Relief (Dkt. 93) is **DENIED**.

DATED: June 4, 2020

David C. Nye
Chief U.S. District Court Judge

---

[4] Because the Court ultimately denies Tanner's Request, the Court need not address whether Tanner's claims for injunctive relief are "meritless" and whether IFG Defendants would be prejudiced if the Request were granted.

**AMENDED** MEMORANDUM DECISION AND ORDER - 7